IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM J. BARNETT,

    Petitioner,

v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:17-cv-1099
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* and *Addendum to Habeas Corpus Petition* (ECF No. 21), Respondent's *Motion to Dismiss*, (ECF No. 12), *Petitioner's Objections to the Motion to Dismiss* (ECF No. 17), Respondent's *Reply* (ECF No. 20), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 12) be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Request for Discovery* (ECF No. 15) is **DENIED.**

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> Barnett entered a plea of guilty on April 9, 2009, to Rape in violation of R.C. 2907.02, a felony of the first degree, and Aggravated Burglary in violation of R.C. 2911.11, a felony of the first degree. In exchange for the plea, the state nolled Count 2 of the indictment alleging kidnapping in violation of R.C. 2905.01(A)(4), the sexually violent predator specification to Count 2, the repeat violent offender specification to Count 2 and the sexually violent predator and repeat violent offender specifications to Count 3. The state recommended a 10–year sentence on Count 1 and Count 2 to be served consecutive to one another but concurrent with a

1

sentence Barnett was currently serving in the Franklin County Court of Common Pleas. (T. at 3).

{¶ 3} The facts underlying the allegations were put on the record by the state,

MR. SMITH: Thank you, Your Honor. If this matter had proceeded to trial, the State believes the evidence would have shown that between October 8th and October 9th, 2006, in Muskingum County, the defendant did, by force, stealth, or deception, knowingly trespass in an occupied structure located at 2926 Brookside Drive, Zanesville, Muskingum County, Ohio, with purpose to commit in that structure a criminal offense, that being kidnapping and/or rape, and that he did inflict, attempt to inflict, or threaten to inflict physical harm upon his victim identified as . . . ., this in violation of Revised Code Section 2911.11(A)(1).

With regard to Count 3, the State believes the evidence would have shown on the same date, time, and place the defendant did engage in sexual conduct with [the victim], who was not his spouse, and he compelled her to submit by force or threat of force, this in violation of Revised Code Section 2907.02(A)(2).

These charges stem from a Muskingum County Sheriff's Department investigation into a complaint filed by [the victim]. That investigation revealed that the defendant did enter into her apartment while she was gone, laying in wait for her. When she did come home, he brandished a knife and did compel her to have sexual conduct with him and escaped. This investigation later was able to be solved through the use of forensic technology and DNA evidence.

T. at 11–12.

{¶ 4} The trial court sentenced Barnett to 10 years on each count consecutive to each other but concurrent with the sentence Barnett was currently serving in the Franklin County Court of Common Pleas. (Sent. Entry, filed May 12, 2009).

{¶ 5} Barnett appealed raising as his four assignments of error:

I. THE DEFENDANT–APPELLANT WAS DENIED DUE PROCESS AND THE RIGHT TO A GRAND JURY INDICTMENT UNDER ARTICLE I, SECTION 10 TO THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY A PROSECUTIO [SIC] AND RESULTING CONVICTION ON AN INSUFFICIENT INDICTMENT FOR AGGRAVATED BURGLARY WHICH DID NOT CONTAIN THE RECKLESS MENS REA ELEMENT AS REQUIRED BY LAW.

II. THE DEFENDANT–APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED UNDER ARTICLE I,

SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

III. THE DEFENDANT–APPELLANT WAS DENIED DUE PROCESS AND WAS TWICE PLACED IN JEOPARDY IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HE WAS SENTENCED TO CONSECUTIVE TERMS OF IMPRISONMENT FOR THE SAME OFFENSE.

IV. THE DEFENDANT–APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

*State v. Barnett*, 5th Dist. Muskingum No. CT2009–0025, 2010–Ohio–1695, ¶ 5–¶ 8. This court affirmed Barnett's conviction and sentence. The Ohio Supreme Court declined to exercise jurisdiction. *State v. Barnett*, 126 Ohio St.3d 1582, 2010–Ohio–4542, 934 N.E. 355 (Table).

{¶ 6} On November 24, 2009, Barnett filed a petition for post-conviction relief to vacate or set aside his conviction in the trial court pursuant to R.C. 2953.21, claiming ineffective assistance of counsel alleging he was forced to accept the plea bargain due to misrepresentations made by counsel, he was denied a right to a preliminary hearing and his right to a speedy trial was violated. The trial court denied Barnett's petition by Judgment Entry filed November 24, 2009. No appeal was filed from the trial court's judgment entry denying Barnett's petition.

{¶ 7} On October 23, 2015, Barnett filed: 1). Motion for Hearing on Newly Discovered Evidence; 2). Crim.R. 33(A)(4)(6) Motion for a New Trial on Evidence Not Available for Seven Years; 3).Crim.R. 32.1' Motion for Withdrawal of Guilty Plea—Hearing Requested. On October 30, 2015, Barnett filed a Motion to Dismiss Alleged DNA Evidence. On November 18, 2015, Barnett filed an Amended Motion to Suppress Alleged DNA Evidence. The state filed a response to each motion filed by Barnett. The trial court denied all of Barnett's motions by Judgment Entry filed May 26, 2016.

Assignments of Error

{¶ 8} Barnett raises four assignments of error,

{¶ 9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING HIS MOTION FOR WITHDRAWAL OF A GUILTY PLEA, HEARING REQUESTED. THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT A HEARING ON HIS MOTION. A COMPLAINT THAT CONTAINS ENOUGH FACTUAL MATTER WHEN

TAKEN AS TRUE SHOULD NOT BE DISMISSED. IN DISMISSING THE COMPLAINT, THE COURT ERRS.

{¶ 10} "II. IN A MOTION FOR NEW TRIAL ON EVIDENCE NOT AVAILABLE FOR SEVEN YEARS; IN A MOTION FOR NEW TRIAL ON NEWLY DISCOVERED EVIDENCE REQUIRED WHEN THAT EVIDENCE PROVES DEFENDANT NOT ONLY INNOCENT OF THE ALLEGED CRIME, BUT NO PROOF EXISTS SUPPORTING THAT CRIME OCCURRED. THE TRIAL COURT ERRS BY DISMISSING THE COMPLAINT WITHOUT A HEARING.

{¶ 11} "III. A MOTION FOR NEW TRIAL ON EVIDENCE NOT AVAILABLE FOR SEVEN YEARS. WHEN EVIDENCE KNOWN TO THE STATE WAS WITHHELD FROM DEFENDANT FOR SEVEN YEARS THAT PREVIOUSLY UNAVAILABLE EVIDENCE RENDERS THE INDICTMENT INSUFFICIENT, AND A VERDICT THAT'S NOT SUSTAINED BY SUFFICIENT EVIDENCE IN THE PRESENCE OF THE PREVIOUSLY UNAVAILABLE, INCLUDING AFFIDAVITS, REQUIRES DISMISSAL OR GRANTING OF A NEW TRIAL. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON EACH ISSUE INSTEAD OF DISMISSING THE MOTIONS.

{¶ 12} "IV. ALTHOUGH DNA IS CONSIDERED THE SAME AS FINGERPRINT WHEN IT COMES TO EVIDENCE, CROSS EXAMINATION IS NOT A PROBLEM WITH A FINGERPRINT; HOWEVER, THE MINUTE AMOUNT OF DNA REQUIRED TO BE USED IN TESTING INCREASES DRAMATICALLY ITS SUSCEPTIBILITY TO CONTAMINATION FROM OTHER SOURCES—PARTICULARLY FORM THE SAMPLE THAT IS BEING RUN IN COMPARISON TO. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON EACH ISSUE INSTEAD OF DISMISSING THE MOTIONS."

*State v. Barnett*, No. CT2016-0028, 2016 WL 7159140, at *1-3 (Ohio App. 5th Dist. Dec. 5, 2016).

On December 5, 2016, the appellate court affirmed the judgment of the trial court. *Id*. On May 17, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Barnett*, 149 Ohio St.3d 1408 (Ohio 2017).

On December 4, 2017, Petitioner filed this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 26, 2017, he executed and delivered it to prison officials for mailing. (ECF No. 1, PAGEID # 15.) Petitioner asserts that the State and the trial court collaborated to file an insufficient Indictment (claim one); that the prosecutor refused to provide

discovery material (DNA test results) establishing his innocence (claim two); that his absolute innocence opposes corrupt judicial system that ignores presumption of innocence (claim three); that the trial court lacked subject matter jurisdiction, and he was not advised of the nature of the accusations against him (claim four); that the trial court's vindictive actions deprived him of the ability to present a defense (claim five); that the trial court lacked authority to accept a guilty plea when it possessed proof of his innocence (claim six); that his guilty plea was coerced, and not knowing, intelligent, or voluntary (claim seven); that "dismissal of mandamus on proof of innocence exceeds abuse of discre[]tion and violates presumption of innocence" (PAGEID # 42) (claim eight); that his confession was insufficient to support the guilty plea (claim nine); that he was denied the effective assistance of counsel (claim ten); that the appointment of appellate counsel for the purpose of filing an appeal to the Ohio Supreme Court constituted a prejudicial act of disparate treatment (claim eleven); that the trial court's vindictive action denied him the ability to challenge the charges against him (claim twelve); that the assignment of appellate counsel without his knowledge denied him the right of self-representation (claim thirteen); that the DNA testing procedures were unreliable (claim fourteen); and that the state courts unreasonably ignored proof of his absolute innocence (claim fifteen). It is the position of the Respondent that this action should be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).

**Discovery Request**

Petitioner has filed a request for discovery in connection with his claim that the prosecutor concealed DNA evidence, and that the State or his attorney prevented him from viewing any discovery material prior to June 2015, when he obtained certain documents from the Muskingum

County Sheriff's Office.[1]  Petitioner requests that Respondent be directed to supplement the record with copies of any reports or testing results of DNA evidence related to this case, as well as documents relating to chain of custody, inventory of evidence, deviations from standard protocol, communication records, crime laboratory reports, contamination or sample errors and any corrective action taken, copies of any results from any crime laboratory, physical and medical reports, medical examinations and any potentially exculpatory evidence and evidence otherwise discoverable under the Ohio Criminal Rules.

Respondent opposes Petitioner's request, noting that the record indicates that Petitioner obtained all available discovery material through his attorney and prior to the entry of his guilty plea.[2]  Respondent further argues that Petitioner's current discovery request constitutes a mere fishing expedition that will neither assist Petitioner in establishing his claims, nor affect this Court's resolution of whether the one-year statute of limitations bars review of this case.

The discovery processes authorized by the Federal Rules of Civil Procedure do not automatically apply to habeas corpus proceedings.  "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.  Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . .

---

[1] Petitioner states that he received "almost all" of the discovery material related to his case at that time.  *Addendum to Habeas Corpus Petition* (ECF No. 21, PAGEID # 736.)

[2] On September 15, 2017, Petitioner filed request for discovery in the state trial court.  (ECF No. 11, PAGEID # 580.)   On October 3, 2017, the state trial court denied that request.  (PAGEID # 585.)  Petitioner did not file an appeal.

entitled to relief. . . .'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

> "The burden of demonstrating the materiality of the information requested is on the moving party.*" Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson,* 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460.
>
> "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

*Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004).

Moreover, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts also indicates that a federal habeas court may direct the parties to supplement the record with additional materials relevant to the Court's resolution of the Petition:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

The decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the District Court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). Such an expansion must be limited by the relevance of the proffered materials to the constitutional claims presented.

Here, the state appellate court indicated that Petitioner received all relevant discovery material related to DNA testing prior to the entry of his guilty plea when it affirmed the trial court's denial of his motion to withdraw his guilty plea:

7

{¶ 19} Barnett has failed to demonstrate that the evidence he presented to the trial court in the form of a test result from Ohio Bureau of Criminal Identification and Investigation ["BCI & I"] was "newly discovered."

{¶ 20} A review of the court's files reveals that trial counsel filed a motion to obtain a DNA expert, naming Genetic Technologies, Inc. on September 30, 2008. The grounds for the motion as described by counsel was discovery had indicated DNA testing was performed in Barnett's case. The trial court granted defense counsel's motion on October 3, 2008.

{¶ 21} On October 15, 2008, defense counsel filed a demand for specific discovery, including all lab reports, DNA test results, protocols, manuals and procedures utilized by the state's experts.

{¶ 22} On December 22, 2008, defense counsel filed a motion to compel discovery. In addition, defense counsel filed his response to discovery identifying Stephanie Beine of Genetic Technologies as a witness at trial. In his motion to compel, defense counsel informed the trial court of the following,

> On January 12, 2009, the undersigned counsel received some of the specific DNA evidence that was requested on October 15, 2008. The undersigned counsel forwarded the evidence received to Defendant's expert on January 14, 2009. Once Defendant's expert received the specific DNA evidence produced by the State of Ohio, she immediately notified the undersigned counsel that it was not complete and that she needed the Procedure Manuals for both labs, the Quality Assurance Manuals for both labs, and the electronic data for both labs.
>
> * * *
>
> On February 19, 2009, the undersigned counsel received the additional BCI information that was requested but to date has not received the LabCorp information. On February 19, 2009, the undersigned counsel forwarded the additional BCI information to Defendant's expert for her review.

{¶ 23} The trial court granted defense counsel's motion to compel on March 4, 2009, ordering the state to provide specific discovery within five days.

{¶ 24} On March 31, 2009, the trial court approved payment to Genetic Technologies, Inc. for services performed for the defense from October 31, 2008 through March 27, 2009.

{¶ 25} Barnett plead guilty on April 9, 2009.

{¶ 26} Barnett produced no evidence that the state failed to comply with the trial court's March 4, 2009 order. No affidavit was presented from either counsel or Genetic Technologies, Inc. that the reports Barnett submitted with his motion were not produced and reviewed by the defense and the defense expert prior to the date on which he entered his negotiated guilty plea.

{¶ 27} Further, Barnett submitted in support of his motions a letter from his trial attorney dated September 30, 2014, in which counsel inform Barnett,

> Once Genetics Technologies completed their review and analysis, they called me with their opinion. Since their opinion was not favorable to you, they did not send me a written report nor did they feel it was necessary to perform their own DNA test.

{¶ 28} Accordingly, Barnett did not establish that the evidence [of a test result from the Ohio Bureau of Criminal Identification and Investigation] was "newly discovered." The trial court did not abuse its discretion in denying Barnett's motion to withdraw his guilty plea without a hearing.

*State v. Barnett*, 2016 WL 7159140, at *4-5. These factual findings are presumed to be correct, and Petitioner has failed to rebut that presumption of correctness here. 28 U.S.C. § 2254(e)(1). The record does not support Petitioner's allegation that the prosecutor withheld DNA evidence or other exculpatory or otherwise discoverable material prior to the entry of his guilty plea.[3] Petitioner complains that his attorney refused to provide him with a copy of the discovery material. However, Petitioner stated, while under oath and at the time of entry of his guilty plea, that he understood the nature of the charges against him, the potential penalties he faced, and any potential defenses he had to the charges. He expressed his satisfaction with the advice and help of his defense counsel. *Transcript* (ECF No. 11-1, PAGEID # 619-622.)

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

---

[3] Petitioner also has attached various discovery documents as Exhibits in support of the *Petition*.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Although he had the opportunity to do so, Petitioner never complained that his attorney had failed to provide him with the State's evidence against him.

Thus, the record does not support Petitioner's claim that he was unable to obtain the discovery material, particularly as it relates to DNA evidence. Moreover, Petitioner does not identify the nature of any particular item(s) he seeks or indicate the manner in which it will assist him in establishing that he is entitled to relief. His claim that the State has undisclosed exculpatory evidence speculative and without support. The record fails to reflect that any of the requested discovery material will assist him in establishing that he is entitled to relief or affect this Court's resolution of whether the one-year statute of limitations bars review of his claims.

Petitioner's *Request for Discovery* (ECF No. 15) therefore is **DENIED**.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

Applying the provision of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on December 28, 2010, ninety days after the Ohio Supreme Court's September 29, 2010, dismissal of his direct appeal, when the time period expired to file a petition for a writ of *certiorari* with the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (citing *Clay v. United States*, 537 U.S. 522 (2003)); *see also Smith v. Ohio, Dept. of Rehab. & Corr.*, 331 F. Supp. 2d 605, 613 (N.D. Ohio Aug. 26, 2004) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). The statute of limitations began to run on the following day, and expired one year later, on December 29, 2011. Petitioner waited more than five years and nine months, until October 26, 2017, to execute this habeas corpus *Petition*.[4]

Petitioner's subsequent motions, initiated on October 23, 2015, did not affect the running of the statute of limitations, because he filed those actions long after the statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v.*

---

[4] Petitioner's November 24, 2009, post-conviction petition, which the trial court denied on November 24, 2009, did not affect the running of the statute of limitations, because he filed that action before the statute of limitations clock began to run.

11

*Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling, although it is granted only sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. at 418). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003).

Petitioner asserts that equitable tolling of the statute of limitations should be applied, because he attempted to contact his appellate counsel, Attorney David Sams, between 2009 and 2015, but his attorney refused to respond and had no contact with him after the Ohio Supreme Court's September 29, 2010, dismissal of his appeal. *Petitioner's Objections to Respondent's Motion to Dismiss* (ECF No. 17, PAGEID # 701-02.) Petitioner has attached copies of letters indicating that, on October 6, 2014, he wrote to Attorney Sams, stating that he had written a

number of times previously, but not received a response, and requesting a copy of transcripts and appellate briefs. (ECF No. 17, PAGEID # 718.) On November 28, 2014, Petitioner wrote Attorney Sams, again complaining that Sams had failed to respond to his requests for legal documents, and stating that he would be pursuing a complaint with the Disciplinary Counsel of the Ohio Supreme Court if he did not get a response. (PAGEID # 717.) Previously, in November 2012, Petitioner attempted to obtain copies of his appellate documents from defense counsel, Attorney David E. Mortimer; however, Mortimer advised Petitioner that he needed to obtain those documents from his appellate counsel. (PAGEID # 713-14.) Petitioner indicates that he no longer has copies of other letters he wrote, because prison officials lost or destroyed them. (PAGEID # 702.) Petitioner also indicates, as a basis for equitable tolling of the statute of limitations, that he has had several surgeries, and suffers from other health issues, including high blood pressure, diabetes, and a severe case of diarrhea over the past five years. (PAGEID # 703, 707.) Petitioner argues that he has diligently pursued relief, and that any undue delay has been the due to his attorneys' inattention and failure to communicate with him. (PAGEID # 704.)

A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Further, a petitioner's "[i]llness -- mental or physical -- tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996) (discussing mental illness); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y.

2000) (discussing physical and mental illness and collecting cases)). The record fails to reflect such circumstances here. To the contrary, Petitioner pursued various state court filings during the time period at issue, including a *pro se* motion to withdraw his guilty plea, motion for a new trial, motion for hearing on newly discovered evidence, motion to dismiss DNA evidence, an amended motion to suppress DNA evidence, a petition for a writ of mandamus, and appeals on the denial of those motions. (ECF No. 11, PAGEID # 280, 321, 365, 395, 407, 419, 442, 459, 514.) Thus, the record does not indicate that Petitioner's health issues prevented him from accessing the courts.

Both ineffective assistance of counsel and "a substantial, involuntary delay" in learning about the status of the appeal may constitute extraordinary circumstances sufficient to warrant equitable tolling of the statute of limitations, but only where the circumstances were "both beyond the control of the litigant and unavoidable with reasonable diligence." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011)). Thus, "petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson v. Easterling*, 424 F. App'x at 443 (citing *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)). "Rather, to obtain equitable tolling, a petitioner 'must demonstrate that he exercised a reasonable diligence in protecting his appellate rights.' " *Weese v. Sloane,* No. 1:15-cv-122, 2016 WL 626494, at *8 (N.D. Ohio Jan. 21, 2016) (citing *Robinson*). The Sixth Circuit has held that, even where attorney misconduct and delayed notification constituted an extraordinary circumstance for a petitioner, a court does not err in refusing to equitably toll the running of the statute of limitations, where the petitioner, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Dudley v. Clipper*, No. 1:13-cv-1277, 2014 WL 6896080, at *8 (N.D. Ohio Dec. 8, 2014) (citing *Robinson*, 424 F. App'x at

14

443 (quoting *Jenkins v. Greene*, 630 F.3d 298, 303 (2nd Cir. 2010); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

Such are the circumstances here. Petitioner does not allege, and the record does not indicate, that he did not know about the status of his direct appeal, which the Ohio Supreme Court dismissed on September 29, 2010, and years before Petitioner executed this habeas corpus *Petition*. Likewise, the record does not indicate that anything would have prevented Petitioner from earlier pursuing relief, despite any alleged difficulty he had in obtaining his appellate files from appellate counsel. In short, the record does not indicate that Petitioner acted diligently in pursing relief, or in filing this federal habeas corpus *Petition*.

Petitioner asserts that the Court nonetheless should equitable toll the statute of limitations based on his actual innocence of the charges against him. *Petitioner's Objections to Respondent's Motion to Dismiss* (ECF No. 17, PAGEID # 7008-711.) Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *Knickerbocker v. Wolfenbarger,* 212 F. App'x 426, 431–32 (6th Cir. 2007); *Stoker v. Watson*, 184 F. App'x 496, 497 (6th Cir. 2006); *Bolton v. Berghuis*, 164 F. App'x 543, 549–50 (6th Cir. 2006)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United*

15

*States*, 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 . . . . "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " Id. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589-90 (footnote omitted). "Where the defendant pleaded guilty (as in the instant case), and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same—i.e., the petitioner still must show that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.' " *Lucidore v. New York, State Div. of Parole*, 209 F.3d 107, 114 (2nd Cir. 2000) (citing *Bousley*, 523 U.S. at 623 (internal quotation marks omitted); *Rosario v. United States*, 164 F.3d 729, 733 (2d Cir.1998) (applying actual innocence standard of reasonable juror to guilty plea, citing *Bousley*), *cert. denied*, 527 U.S. 1012 (1999)); *see also Saylor v. Mack*, 27 F. App'x 321 (6th Cir. 2001) (requiring new evidence to support claim of actual innocence after entry of guilty plea). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Petitioner cannot meet this standard here.

16

In support of his claim of actual innocence, Petitioner refers to a document from the Ohio Bureau of Criminal Identification & Investigation, dated November 18, 2007, indicating that the DNA profile obtained from the swab of the shoe string was consistent with contributions from the alleged victim and Petitioner, and that he could not be excluded as a contributor to the DNA from the swab from the shoe string. (ECF No. 1-9, PAGEID # 73.)

> Based on the national database provided by the Federal Bureau of Investigation, the proportion of the population that cannot be excluded as possible contributors to the mixture of DNA profiles on the swab from the shoe string. . . is 1 in 3,213,000 unrelated individuals.

(*Id.*) Petitioner was not a contributor to DNA found on the alleged victim's underwear. (*Id.*) He additionally refers to an article dated March 1, 2011, from the Columbus Dispatch about the mishandling of DNA and contamination of evidence at the Ohio Bureau of Criminal Identification and Investigation. (ECF No. 1-7, PAGEID # 70.) He argues that "only a full investigation" will reveal whether the DNA results in his case are accurate. *Petitioner's Objections to Respondent's Motion to Dismiss* (ECF No. 17, PAGEID # 711.) Petitioner contends that the record reflects "doubt and confusion" in the testing done by the Ohio Bureau of Criminal Identification, and shows contamination and cross contamination in the laboratory reports in this case. Addendum to Habeas Corpus Petition (ECF No. 21, PAGEID # 732-33.)[5]

Again, Petitioner's allegation that police contaminated evidence, or refused to disclose exculpatory evidence is entirely without support, contradicted by the record, and based on speculation. The record does not justify equitable tolling of the statute of limitations based on Petitioner's actual innocence of the charges against him.

---

[5] Petitioner refers to "excerpts from lab corp" and "excerpts from BCI & I"; regarding purportedly inconsistent DNA findings; however, Petitioner does not indicate, and this Court is unable to determine the basis for the reference to these statements from the record before the Court. *See Addenedum to Habeas Corpus Petition* (ECF No. 21, PAGEID # 733.)

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 12) be **GRANTED** and that this action be **DISMISSED**.

Petitioner's *Request for Discovery* (ECF No. 15) is **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

                                                s/ *Elizabeth A. Preston Deavers*
                                                Elizabeth A. Preston Deavers
                                                United States Magistrate Judge