## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**WILLIAM J. BARNETT,**

      **Petitioner,**

            **Case No. 2:17-cv-1099**

      **v.**                     **Judge George C. Smith**

                                   **Magistrate Judge Deavers**

**WARDEN, MARION**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

On October 23, 2018, the Magistrate Judge issued an Order and Report and Recommendation denying Petitioner's Request for Discovery (ECF No. 15) and recommending that Respondent's Motion to Dismiss (ECF No. 12) be granted and that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 22.) Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 27.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 27) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 22) are **ADOPTED** and **AFFIRMED**. The Request for Discovery (ECF No. 15) is **DENIED**. Respondent's Motion to Dismiss (ECF No. 12) is **GRANTED.** This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

Petitioner challenges his April 2009 convictions pursuant to his guilty plea on rape and aggravated burglary in the Muskingum County Court of Common Pleas. The appellate court

affirmed Petitioner's convictions and sentence, and on September 29, 2010, the Ohio Supreme Court declined to accept jurisdiction of the appeal. Thereafter, on October 23, 2015, Petitioner filed a motion for a new trial, motion to withdraw his guilty plea, and motion to dismiss DNA evidence in the state trial court. The appellate court affirmed the trial court's denial of those motions, and on May 17, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. On October 26, 2017, Petitioner executed this habeas corpus Petition. He raises fifteen (15) separate claims for relief. As discussed, the Magistrate Judge recommended dismissal of all of Petitioner's claims as time-barred.

Petitioner objects to the recommendation of dismissal of this action as time-barred, arguing that equitable tolling of the statute of limitations should be applied. Petitioner maintains that he had no access to the State's discovery material or evidence against him, and in particular the DNA evidence, prior to the entry of his guilty plea, and did not obtain any such evidence until June 2015, when he contacted the Muskingum County Sheriff's Office. He asserts that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence, and that his attorney performed in a constitutionally ineffective manner by failing to obtain or provide him with the discovery material. He asserts that he did not knowingly, intelligently, or voluntarily enter his guilty plea, and that his attorney coerced his guilty plea by falsely advising him that his daughters supported the entry of his guilty plea, that he would be found guilty if he proceeded to trial, and by threatening to withdraw as defense counsel. Petitioner further contends that defense counsel should have obtained another opinion after the defense expert provided an unfavorable report regarding the DNA evidence against him. He asserts the denial of the effective assistance of counsel at sentencing. Additionally, he asserts the denial of the effective assistance of appellate counsel based on his attorney's alleged failure to

contact or consult with him regarding the filing of the appeal. Petitioner claims that his appellate counsel's failure to timely advise him of the date that the state appellate court or Ohio Supreme Court dismissed the appeal constitutes grounds for equitable tolling of the statute of limitations, as does his age, and his difficulty in conducting legal research as a pro se incarcerated prisoner. Petitioner argues that he has acted diligently in pursuing relief. He seeks a copy of all legal mail room log books from the correctional receiving center and Hocking Correctional Institution in order to establish the lack of contact he had with his appellate counsel. Petitioner argues that the state appellate court's refusal to permit him to represent himself in appellate proceedings also constitutes grounds for equitable tolling of the statute of limitations and denied him the right to self-representation. Petitioner again asserts his actual innocence of the charges. He argues that incriminating DNA evidence against him may have come from his grandson. He also again refers to the lack DNA evidence found on the alleged victim's underwear connected to him.

Petitioner has attached various documents in support of these arguments, including a copy of an undated letter he wrote to his defense counsel, Attorney Mortimer, requesting a copy of the Plea Agreement and DNA test results, denying his guilt of the charges, and complaining that Mortimer had threatened to withdraw if Petitioner refused to plead guilty. (PAGEID # 817.) He has attached a purported statement from Toya Brown denying that she ever said that he should enter a guilty plea. (PAGEID # 818.) He has attached a file and records request dated November 26, 2012, to his appellate counsel, Attorney David Sams, and to Attorney Mortimer, requesting a copy of all of the files pertaining to his case. (PAGEID # 819, 824.) He has also attached a copy of letter from Attorney David Mortimer dated September 30, 2014, indicating:

> I am in receipt of your letter dated August 1, 2014 and your request concerning a copy of DNA results from the independent company the court approved. In reviewing my file, Genetic Technologies Inc. was hired to conduct an analysis and review of the States tests performed by LabCorp and the Bureau of Criminal

> Identification.  Once Genetic Technologies completed their review and analysis, they called me with their opinion.  Since their opinion was not favorable to you, they did not send me a written report nor did they feel it was necessary to perform their own DNA test.

(ECF No. 27-1, PAGEID # 816.)  He has attached a letter dated October 6, 2014, he wrote to Attorney Mortimer requesting a copy of all of the documents relating to his appeals.  (PAGEID # 820.)  He has attached another letter dated November 28, 2014, to Attorney Sams requesting a copy of all documents relating to his case, complaining regarding the lack of contact or response, and threatening to file a complaint with the Disciplinary Counsel of the Ohio Supreme Court.  (PAGEID # 821.)  He has attached a copy of a letter dated June 3, 2009, that he wrote to the clerk regarding the filing of his notice of appeal, and the clerk's response indicating that appellate counsel had already filed the notice of appeal.  (PAGEID # 822-23.)  He has attached an undated letter to Attorney Mortimer, complaining that appellate counsel had refused to respond to his letters requesting a copy of his case file, and asking Mortimer to assist him in obtaining those files.  (PAGEID # 825.)   He has attached a letter dated January 18, 2013, from Attorney Mortimer, advising Petitioner that he needed to contact Attorney Sams to obtain a copy of his appellate documents.  (PAGEID # 826.)  He has attached a copy of the trial court's Entry appointing Attorney David Sams to represent him on appeal, and a letter dated June 15, 2009, from Attorney Mortimer advising him that Sams had been appointed as appellate counsel on Petitioner's behalf.  (PAGEID # 827, 828.)  He has attached a copy of his Offender Movement History.  (PAGEID # 829-30.)  He has attached a copy of a March 2011 article from the Columbus Dispatch regarding the mishandling or contamination of DNA evidence in the State's crime lab.  (PAGEID # 831-32.)  Finally, he has attached the November 18, 2007, DNA test results from the Ohio Bureau of Criminal Identification & Investigation in his case.  (PAGEID # 833-35.)

The statute of limitations expired on December 29, 2011. Petitioner waited more than five years and nine months, until October 26, 2017, to execute this habeas corpus Petition. Thus, this action plainly is time-barred, unless equitable tolling of the statute of limitations applies. *See Holland v. Florida*, 560 U.S. 641, 649 (2010) (for equitable tolling to apply, the petitioner must establish that he has diligently pursued his rights and that some extraordinary circumstances prevented his timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. at 418). Unfortunately for the Petitioner, the record indicates that it does not.

The record, including Petitioner's own filings related to his November 9, 2009, motion to vacate or set aside his judgment of conviction (*see* ECF No. 11, PAGEID # 244, 248, 265-66), the factual findings of the state appellate court in its decision affirming the trial court's dismissal of Petitioner's motion to withdraw his guilty plea, *State v. Barnett*, 5th Dist. No. CT2016-0028, 2016 WL 7159140, at *4-5 (Ohio Ct. App. Dec. 5, 2016), and the transcripts of his guilty plea and sentencing hearing (ECF No. 11-1, PAGEID #617-33, 635), contradict Petitioner's allegations now that he did not have the opportunity to review the evidence against him with defense counsel prior to the entry of his guilty plea. Moreover, neither his representation by court-appointed counsel on appeal, nor his attorney's alleged failure to timely notify him of the Ohio Supreme Court's September 29, 2010, decision declining to accept jurisdiction of his appeal warrant equitable tolling of the statute of limitations for the time period at issue here. *See Williams v. Schweitzer*, No. 1:16-cv-2676, 2016 WL 8894632, at * (N.D. Ohio June 14, 2017) (citing *Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (no equitable tolling where the petitioner failed to diligently monitor the status of his appeal). Likewise, the record is without support for Petitioner's claim of actual innocence, and does not support equitable tolling of the statute of limitations on that basis. *See Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).

For the foregoing reasons, and for the reasons already well detailed in the Magistrate Judge's Order and Report and Recommendation, Petitioner's Objection (ECF No. 27) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 22) are **ADOPTED** and **AFFIRMED**. The Request for Discovery (ECF No. 15) is **DENIED**. Respondent's Motion to Dismiss (ECF No. 12) is **GRANTED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

      **IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**